UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
SALHA NUHA HAMOUDEH and ELEANOR
GUITY, on behalf of themselves and all others
similarly situated, and MARILIAN ALMONTE,
AMPARO AMAYA, LUISA ANDRADE,
RUKAYAT ANEKE, SANDRA CASTILLO,
MEHWASH FATIMA, ROSA GONZALEZ,
SAGRARIO JIMENEZ, RUBINA KHANAM,
JANET MCFARLANE, HAUWA MOHAMMED,
EVARISTUS NARCISSE, OLENA
ODARCHUK, NERSY ORTIZ, EDLYN
TATIANA QUESADA, PRATIBHA SHARMA,
HAMEL TOURE, HILDA VICTORIA
TRUJILLO, and DORA VELEZ, individually,

**MEMORANDUM & ORDER**

16-CV-790 (PKC) (RML)

Plaintiffs,

- against -

UNITEDHEALTH GROUP INCORPORATED,

Defendant.
---------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

Plaintiffs in this putative wage-and-hour class and collective action under Fair Labor Standards Act ("FLSA") are marketing representatives who were employed by Defendant UnitedHealth Group, Inc. ("UnitedHealth") at some point in time. Plaintiffs allege that UnitedHealth misclassified them as exempt employees and failed to pay them overtime. As an initial matter, UnitedHealth argues that this action must be dismissed because Plaintiffs have all signed arbitration agreements waiving their rights to proceed collectively. Briefing on this motion to compel arbitration is underway and will conclude in July 2016.

Presently before the Court is Plaintiffs' request for permission to move for conditional certification of a collective action pursuant to 29 U.S.C. § 216(b), which UnitedHealth opposes, and UnitedHealth's competing motion to stay this action pending resolution of UnitedHealth's

motion to compel arbitration of Plaintiffs' claims. For the reasons stated below, the Court DENIES Plaintiffs' request and STAYS the filing of any § 216(b) motion pending resolution of the motion to compel arbitration.

**DISCUSSION**

Permitting Plaintiffs to seek certification of a collective action at this time would be putting the cart before the horse: Plaintiffs may only move for certification on behalf of similarly situated parties if they have standing to bring this lawsuit; whether Plaintiffs have standing, however, hinges on the outcome of the motion to compel arbitration. *See Dixon v. NBCUniversal Media LLC*, 947 F. Supp. 2d 390, 406 (S.D.N.Y. 2013) (denying a motion for conditional certification as moot after finding the named plaintiff's claims to be subject to arbitration, because such a plaintiff "lacks any personal interest in prosecuting this action in this Court on behalf of others") (citing *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013) (dismissing entire action after the named plaintiff's individual claim was satisfied and became moot, notwithstanding collective-action allegations in complaint, because the named plaintiff "lacked any personal interest in representing others in this action")).

While Plaintiffs cite to numerous cases for the proposition that courts in this Circuit "have consistently found that 'the existence of arbitration agreements is irrelevant to collective action approval,'" (*see* Dkt. 19 at ECF 5), the Court finds these cases to be inapposite. First, courts have not applied this principle to determine a named plaintiff's standing to move for certification of a collective action in the first instance, but rather, to determine at a later stage whether potential opt-in plaintiffs, some of whom may have signed arbitration agreements, are so similarly situated to a named plaintiff who is not subject to an arbitration agreement, so as to fall within the class to be noticed. Those cases stand for the well-established proposition that in this latter inquiry, the focus

is on the similarity of the factual allegations between the named plaintiff and potential opt-in plaintiffs, and not on the agreements signed by the opt-in plaintiffs. Second, the cases Plaintiffs rely on all involve at least one named plaintiff who had not agreed to arbitrate his or her claims, and thus had standing to represent similarly situated workers.[1] Indeed, in *Lloyd v. J.P. Morgan Chase & Co.*, Nos. 11-cv-9305, 12-cv-2197, 2014 WL 2109903, at *2 (S.D.N.Y. Apr. 1, 2014), the case on which Plaintiffs most heavily rely, the court's grant of the plaintiffs' motion for conditional certification was premised on a finding that there was *not* an enforceable arbitration agreement as to four of the nine original named plaintiffs, whose claims would go forward.

Here, unlike the foregoing cases, no determination has yet been made as to whether any of the named Plaintiffs has standing to proceed with his claim. Plaintiffs argue that UnitedHealth has not produced a signed arbitration agreement for one of the named Plaintiffs, such that at least that one Plaintiff's claims may continue, even if the Court finds the arbitration agreement enforceable as to the rest of the named Plaintiffs. UnitedHealth has stated that it knows "from past experience" that all UnitedHealth offer letters expressly provide that an employee's agreement to arbitrate any legal dispute that they may have with the company is a condition of their employment. (Dkt. 9 at ECF 2.[2]) Specifically, UnitedHealth points to the fact Plaintiffs' counsel has previously brought

---

[1] *See Guzman v. Three Amigos SJL Inc.*, 117 F. Supp. 3d 516, 526 (S.D.N.Y. 2015) (noting that defendants had not moved to compel arbitration of any of the named plaintiffs); *Romero v. La Revise Assocs., L.L.C.*, 968 F. Supp. 2d 639, 643 (S.D.N.Y. 2013) (defendants conceded the named plaintiff did not sign an arbitration agreement); *D'Antuono v. C & G of Groton, Inc.*, No. 11-cv-33, 2011 WL 5878045, at *2-3, 4 (D. Conn. Nov. 23, 2011) (one of three named plaintiffs found not to have signed an enforceable arbitration agreement, and only that plaintiff moved for conditional certification of a collective action); *Hernandez v. Immortal Rise, Inc.*, No. 11-cv-4360, 2012 WL 4369746, at *5 (E.D.N.Y. Sept. 24, 2012) (defendants did not move to compel arbitration as to named plaintiffs).

[2] Citations to "ECF" refer to the pagination generated by the Court's electronic docketing system and not the documents internal pagination.

two near-identical suits in both the Eastern and Southern Districts of New York, *Torres v. UnitedHealthcare Services, Inc.*, No. 12-cv-923, 2013 WL 387922 (E.D.N.Y. 2013) (Hurley, J.) and *Litvinov v. UnitedHealth Group Inc.*, No. 13-cv-8541, 2014 WL 1054394 (S.D.N.Y. Mar. 10, 2014) (Forrest, J.), each of which were terminated following the court's grant of UnitedHealth's motion to compel arbitration. And in *Litvinov*, the court specifically held that UnitedHealth employees who received an offer letter or other documentation evidencing their agreement to arbitrate their claims as a condition of their employment could still be compelled to arbitrate, even if he or she had not electronically acknowledged or signed their arbitration agreements.[3] *Litvinov*, 2014 WL 1054394, at *2. Given this past history, the Court is disinclined to allow Plaintiffs to proceed with certifying a collective action where all of the named Plaintiffs may be precluded from pursuing their claims before this Court.

Finally, Plaintiffs also argue that notice would not harm UnitedHealth's rights under its arbitration policy, since no worker who is ultimately found to have a valid arbitration agreement would be able to proceed collectively anyway and that, therefore, the only "harm" to UnitedHealth is that it will face more individual arbitrations than it otherwise would have. In other words, Plaintiffs seek to use certification as a means to make workers aware of their rights such that they can, at the very least, pursue arbitration. The Court finds that stirring up potential litigation in this manner would be an improper use of judicial authority. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989) ("Court intervention in the notice process for case management purposes is distinguishable in form and function from the solicitation of claims. In exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect

---

[3] The Court notes that the *Litvinov* court also stayed briefing on the plaintiffs' conditional certification motion pending the resolution of UnitedHeath's motion to compel arbitration. *See Litvinov*, 2014 WL 1054394, at *1 n.2.

4

judicial neutrality.")[4]; *see also Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 556 (S.D.N.Y. 2013) ("The court's discretionary power to facilitate the sending of notice to potential class members is premised on its use as a tool for efficient case management . . . and it does not promote efficient case management to facilitate notice to potential class members where the representative plaintiffs have failed to state plausible FLSA violations.") (citing *Hoffmann–La Roche,* 493 U.S. at 169, 174; *Myers*, 624 F.3d at 555 n.10). This Court is reluctant to employ the § 216(b) case management mechanism where it may soon rule that there is no case to manage.

For all of the foregoing reasons, the Court DENIES Plaintiffs' request to move for conditional certification of a collective action until after the Court renders a decision on UnitedHealth's motion to compel arbitration. The Court, however, will permit equitable tolling between now and such time as it renders a ruling on any future motion for conditional certification, but only as to those individuals who later file written consents to join this lawsuit.[5]

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 17, 2016
       Brooklyn, New York

---

[4] *See Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 n.9 (2d Cir. 2010) (noting that although *Hoffmann–La Roche* involved claims under the Americans with Disabilities Act and not FLSA, it was interpreting enforcement provisions of FLSA and is thus binding in FLSA cases).

[5] The Court notes that normally in a FLSA collective action, the statute of limitations for each opt-in plaintiff runs from the time of the alleged FLSA violation to the date on which the plaintiff files written consent with the court electing to join the lawsuit, not when the named plaintiff files the complaint. *See* 29 U.S.C. § 256(b). However, courts have discretion to equitably toll the limitations period in appropriate cases in order "to avoid inequitable circumstances." *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012); *see also Colon v. Major Perry St. Corp.*, No. 12-cv-3788, 2013 WL 3328223, at *8 (S.D.N.Y. July 2, 2013); *Yahraes v. Rest. Associates Events Corp.*, No. 10-cv-935, 2011 WL 844963, at *1 (E.D.N.Y. Mar. 8, 2011).

5